UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| WILMA STARK | § | |
| | § | |
| v. | § | CIVIL NO. 4:25-CV-15-SDJ |
| | § | |
| AUTO-OWNERS INSURANCE | § | |
| COMPANY, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

Wilma Stark filed a personal injury lawsuit in Texas state court, claiming she was struck by a car while pushing her shopping cart in a Kroger parking lot. Stark sued the driver, Linda Gravley, who purportedly "fled the scene." (Dkt. #1–3). Stark also sued her own insurer, Auto-Owners Insurance Company ("Auto-Owners"), seeking a declaratory judgment in her favor for underinsured motorist coverage. Auto-Owners removed the case based on a theory of diversity jurisdiction. (Dkt. #1). Stark argues that the suit must be remanded. (Dkt. #6, #11, #13). She maintains that diversity is absent because she is a citizen of Michigan—and so is Auto-Owners. The Court agrees and the case will be remanded.

### I. BACKGROUND

Auto-Owners timely removed this case from state court alleging that this Court has diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. #1 ¶ 1). After failing to plead adequate facts to establish diversity of citizenship, the Court ordered Defendant Auto-Owners to file an amended notice of removal. (Dkt. #4). In response, Auto-Owners filed its Amended Notice of Removal, (Dkt. #5), alleging that Plaintiff Stark is a citizen of the State of Texas, (Dkt. #5 ¶ 5), Defendant Gravely is a citizen

1

of the State of Texas, (Dkt. #5 ¶ 6), and Defendant Auto-Owners is a corporation that is a citizen of the State of Michigan, (Dkt. #5 ¶¶ 7–15). Auto-Owners and Stark both claim that Stark and Auto-Owners are the only parties to the action; therefore, if they have diversity, there is diversity in the case. (Dkt. #5 ¶¶ 17–18).[1]

Stark moved to remand, arguing that there is not complete diversity between the parties because she is a citizen of Michigan, not Texas. (Dkt. #6 at 3–5). Auto-Owners counters that Stark's motion to remand is untimely and contradicts her prior representations in state court. (Dkt. #9, #15).

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256, 133 S.Ct. 1059, 185 L.Ed.2d 72 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)) (internal quotation marks omitted). Thus, when a plaintiff sues in state court, a defendant can remove the suit to federal court under 28 U.S.C. § 1441(a) only if the plaintiff could have filed the suit originally in federal court under a jurisdiction-granting statute. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318

---

[1] As the Court noted in its prior order requiring Auto-Owners to file an amended notice of removal, Linda Gravley remains a party in this case. Neither Stark nor Auto-Owners has taken any affirmative step toward dismissing her as a party before this Court. Auto-Owners says the *state court* dismissed Gravley on January 30, 2025. (Dkt. #5 ¶ 17). But the state court had no authority to take this action, because the suit had already been removed to this Court weeks earlier, on January 7, 2025. *See* 28 U.S.C. § 1446(d) (providing that, "after the filing of [a] notice of removal of a civil action . . . the State court *shall proceed no further unless and until the case is remanded*") (emphasis added). The state court had no power to undertake any action following removal and prior to remand, much less dismiss a party. Thus, Gravley remains part of this action. That said, because both Stark and Auto-Owners are citizens of Michigan, diversity is absent and the Court lacks jurisdiction regardless of Gravley's citizenship.

(1987) (citing 28 U.S.C. § 1441(a)). The party removing the case to federal court bears the burden of showing that removal was proper and that federal jurisdiction exists. *Zeitler ex rel. Arvizo v. CNH Am., LLC*, No. 6:18-CV-508, 2019 WL 3806073, at *2 (E.D. Tex. Apr. 2, 2019) (citation omitted). As a result, "all 'doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.'" *Id.* (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). The Supreme Court also has instructed federal courts to construe removal statutes strictly, favoring remand to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

Parties may seek removal under 28 U.S.C. § 1332, which gives federal courts subject-matter jurisdiction over "all civil actions" where (1) "the matter in controversy exceeds the sum or value of $75,000" and (2) the case is between "citizens of different States." 28 U.S.C. § 1332(a)(1). "To properly allege diversity jurisdiction under § 1332, the parties need to allege complete diversity." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quotation omitted). Complete diversity requires that "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Id.* (quotation omitted). "In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).

For diversity jurisdiction, "[c]itizenship and residence . . . are not synonymous terms." *MidCap*, 929 F.3d at 313 (quoting *Robertson v. Cease*, 97 U.S. 646, 648,

24 L.Ed. 1057 (1878)). "Citizenship requires not only '[r]esidence in fact' but also 'the purpose to make the place of residence one's home.'" *Id.* (quoting *Texas v. Florida*, 306 U.S. 398, 424, 59 S.Ct. 563, 83 L.Ed. 817 (1939)). "[A]n allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" *Id.* (quoting *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984)). To establish citizenship, courts "should look to all evidence shedding light on the litigant's intention to establish domicile," including "where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Coury*, 85 F.3d at 251 (citations omitted). "A litigant's statement of intent is relevant to the determination of domicile, but it is entitled to little weight if it conflicts with the objective facts." *Id.* (citations omitted).

Once established, a party's "state of domicile presumptively continues unless rebutted with sufficient evidence of change." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797–98 (5th Cir. 2007). "In order to defeat the presumption and establish a new domicile, the person must demonstrate both (1) residence in a new state and (2) an intention to remain in that state indefinitely." *Id.* at 801 (citation omitted). A party who wishes to change their domicile "does not accomplish the change until he is physically present in the new location with that intent." *Coury*, 85 F.3d at 250. In short, "mere presence in a new location does not effect a change of domicile; it must be accompanied with the requisite intent." *Id.*

4

## III. Discussion

### A. Because Stark and Auto-Owners are Citizens of Michigan, Diversity Jurisdiction is Absent.

Both Stark and Auto-Owners are Michigan citizens, so diversity jurisdiction is absent. Beginning with Stark, all indicia of citizenship point to her being a Michigan citizen. First, Auto-Owners itself agrees that Stark purchased her Michigan insurance policy "while living in Michigan" with a vehicle garaged at her Michigan residence. (Dkt. #5 ¶ 16). Stark even renewed this policy in 2022. (Dkt. #5 ¶ 16). Second, Stark has an unexpired Michigan driver's license with the same address as her auto-insurance policy. (Dkt. #6-4, #13-2). Third, Stark alleges that she files state income taxes in Michigan. (Dkt. #11 at 3). Fourth, Stark alleges that she has never registered to vote or file taxes in Texas. (Dkt. #13-2). Fifth, she has never claimed Texas citizenship, only mere residency. (Dkt. #11 at 4); (Dkt. #15-1 ¶ 2); (Dkt. #15-2 ¶ 2); (Dkt. #13-1 ¶ 2). Sixth, Stark submitted a sworn Affidavit of Domicile that she "consider[s] [her]self a resident of Michigan," "was planning on returning home" to the Michigan address on her driver's license and auto-insurance policy before the alleged accident delayed her, and "was visiting [her] daughter, who resides in Texas," when the alleged accident occurred. (Dkt. #13-2).

All this evidence shows that Stark was a citizen of Michigan at all times relevant to this case, including at the time suit was filed and when it was removed. Auto-Owners has offered nothing to rebut this evidence of Michigan citizenship. As to Auto-Owners, there is no dispute that it is a corporation and a citizen of the State

of Michigan. (Dkt. #5 ¶¶ 7–15). Under the circumstances, the Court lacks diversity jurisdiction under 28 U.S.C. § 1332.

Auto-Owners resists this result, arguing that remand is improper because Stark's various remand motions were untimely and her assertions of Michigan citizenship purportedly contradict her state court filings. Both arguments fail. To begin, a motion to remand based on lack of subject-matter jurisdiction can be made "at any time before final judgment." 28 U.S.C. § 1447(c). Second, Auto-Owners' complaint about Stark's state court filings alters nothing in the Court's jurisdictional analysis. Auto-Owners notes that Stark claimed she was residing in Texas at the time this suit was filed in state court. So what? She may well have been *residing* in Texas at that time. That does not mean she was a *citizen* of Texas when suit was filed in Texas state court or when the case was removed to this Court—which is what matters in the diversity-jurisdiction analysis. *See Ashford v. Aeroframe Servs., L.L.C.*, 907 F.3d 385, 386 (5th Cir. 2018) ("Consistent with general principles for determining federal jurisdiction, . . . diversity of citizenship must exist *both* at the time of filing in state court *and* at the time of removal to federal court.") (internal quotation marks and citation omitted). In this regard, Stark never claimed Texas *citizenship* in state court. *See* (Dkt. #15-1 ¶ 2); (Dkt. #15-2 ¶ 2). In fact, to remedy any confusion, she amended her complaint to correct her residency allegation. (Dkt. #13-1 ¶ 2). And, as the Court has explained, the record demonstrates that Stark was a citizen of Michigan at all times relevant to the diversity question.

## B. The Court Has No Authority to Dismiss this Case, Only to Remand It.

Finally, Auto-Owners contends that the Court should dismiss rather than remand the case because "[t]here is absolutely no reason why this case should be litigated in state court or any court in the State of Texas." (Dkt. #15 at 14). Auto-Owners' suggestion is foreclosed by 28 U.S.C. § 1447(c), which states that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The plain language of Section 1447(c) requires that, once a district court concludes that it lacks subject-matter jurisdiction over a plaintiff's claims in a removed matter, it has only one option: to remand the case. *See, e.g.*, *Babb v. Wilkie*, 589 U.S. 399, 413, 140 S.Ct. 1168, 206 L.Ed.2d 432 (2020) ("[W]here, as here, the words of [a] statute are unambiguous, the judicial inquiry is complete." (citations and internal quotation marks omitted)); *United States v. Sharp*, 62 F.4th 951, 953–54 (5th Cir. 2023) ("The text at issue is unambiguous, and so our inquiry begins and ends with the text." (citation and internal quotation marks omitted)).

Consistent with the statute's text, the Supreme Court has emphasized the mandatory nature of Section 1447(c)'s remand requirement when subject-matter jurisdiction is absent in removal cases. *See Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89, 111 S.Ct. 1700, 114 L.Ed.2d 134 (1991) ("[T]he literal words of § 1447(c) . . . give . . . no discretion to dismiss rather than remand an action. The statute declares that, where subject matter jurisdiction is lacking, the removed case 'shall be remanded.'" (internal quotation marks and citation omitted));

7

*see also Lutostanski v. Brown*, 88 F.4th 582, 587 (5th Cir. 2023) (same). In sum, the Court has no authority to dismiss this matter, as requested by Auto-Owners.

## IV. CONCLUSION

Both Plaintiff Stark and Defendant Auto-Owners are citizens of Michigan. Therefore, complete diversity of citizenship does not exist, leaving this Court without jurisdiction.

It is therefore **ORDERED** that Plaintiff's Motion to Remand in Response to Defendant's Amended Notice of Removal, (Dkt. #6), Plaintiff's Motion to Remand in Response to Defendant's Amended Notice of Removal, (Dkt. #11), and Plaintiff's Amended Motion to Remand in Response to Defendant's Amended Notice of Removal, (Dkt. #13), are **GRANTED**.

This case is **REMANDED** to County Court at Law No. 6, Collin County, Texas.

**So ORDERED and SIGNED this 22nd day of September, 2025.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE